UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| WILLIAM EVANS | § § | |
| v. | § § | Civil Action No. 2:16-CV-00428 |
| NATIONWIDE GENERAL INSURANCE COMPANY | § § § § | *Jury Requested* |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, William Evans, Plaintiff and brings this complaint against Nationwide General Insurance Company, Defendant, and would respectfully show as follows:

### I. PARTIES

1.1   Plaintiff is an individual residing in Texas.

1.2   Defendant Nationwide General Insurance Company is an insurance company issuing insurance polices in the state of Texas and may be served with process by serving its registered Agent at Corporation Service Company, 217 East 7th Street, Ste. 620, Austin, Texas, 78701-3218

### II. Jurisdiction and Venue

2.1   The court has jurisdiction over this lawsuit under 28 U.S.C. § 1332 because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.  Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

### III. FACTUAL BACKGROUND

3.1     This case arises out of an automobile accident, which occurred in Corpus Christi, Nueces County, Texas on or about February 11, 2015.  On that date, Plaintiff was driving southbound on the 5800 block of Ayers Street.  Plaintiff then proceeded to slow down to make a right turn into a private driveway, when Defendant Jim Sauceda failed to control his speed and struck Plaintiff from behind. The force from the impact caused Plaintiff's van to flip over and land upside down.  As a result of the accident Plaintiff sustained serious injuries.

3.2     At the time of the collision, Plaintiff was insured under a policy issued by Defendant Nationwide General Insurance Company under policy number ACP BAPC7254320264.  The policy includes uninsured/underinsured motorist coverage.  All terms and conditions of the policy have been satisfied.

### IV.
### DAMAGES CLAIMS OF WILLIAM EVANS

4.1     Plaintiff incorporates by reference the allegations set forth above.  Plaintiff has suffered personal injuries all of which are a result of the automobile collision made the basis of this lawsuit.

4.2     Plaintiff sustained severe and permanent physical, mental, and emotional injuries as well as economic losses. As such, Plaintiff seeks the following damages:

   A. Medical Expenses:  Plaintiff has suffered severe and permanent bodily injuries.  Plaintiff has incurred significant medical expenses in connection with said injuries and in all reasonable medical probability will incur significant future medical expenses for the remainder of his life.

   B. Physical Pain:  Plaintiff has endured significant physical pain in the past and will endure pain in the future.

   C. Mental Anguish:  Plaintiff has endured tremendous mental anguish in the

    past and will endure mental anguish in the future.

    D. <u>Impairment</u>: Plaintiff has suffered traumatic physical and mental impairment in the past and will continue to suffer the effects into the future and likely for the remainder of his life.

    E. <u>Disfigurement</u>: Plaintiff has suffered disfigurement in the past and will suffer from disfigurement in the future.

    F. <u>Lost Wages:</u> Plaintiff has suffered lost wages in the past and will suffer from lost wages in the future.

## V. U<small>NINSURED</small>/U<small>NDERINSURED</small> M<small>OTORIST</small> C<small>LAIM</small>

5.1 At the time of the collision, Plaintiff was covered by a policy issued by Defendant Nationwide General Insurance Company, which included uninsured/underinsured motorist coverage. The policy was in full force and effect at the time of the collision. Plaintiff is an "uninsured/underinsured motorist" as defined in the policy. Plaintiff has fully complied with all the conditions of the insurance policy prior to bringing this suit. All conditions precedent have been performed or have occurred. Defendant Nationwide General Insurance Company, is liable for the damages sustained by Plaintiff.

## VI. P<small>LAINTIFF'S</small> M<small>AXIMUM</small> D<small>AMAGES</small>

6.1 Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states that he will not seek in excess of Five Million Dollars ($5,000,000.00) for all the damages claimed by Plaintiff. Plaintiff further states that the decision as to what is fair compensation in this case is best left to the discretion of the jury after all of the evidence is presented at trial.

### VII. JURISDICTIONAL AMOUNT

7.1   By reason of the facts alleged herein, the Plaintiff has been made to suffer and sustain injuries and damages at the hands of this Defendants in excess of the minimum jurisdictional limits of this court and in an amount to" be determined by the jury in this case and as the evidence may show proper at the time of the trial.

### VIII.  ATTORNEY FEES & COSTS

8.1   Plaintiff is entitled to an award of attorney fees and costs under FRCP 54(d)(2)(B)(i).

### IX. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

9.1   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

### X. DEMAND FOR JURY TRIAL

10.1   Plaintiff respectfully designates the United States Courthouse, 1133 N. Shoreline Blvd., Corpus Christi, Texas 78401 as the place for trial to commence in this case.  Furthermore, Plaintiff hereby make application for a jury trial and request that this cause be set on the Court's Jury Docket.

### XI.  CONDITIONS PRECEDENT

11.1   All conditions precedent to Plaintiff's right to recover herein and to Defendant's liability have been performed or have occurred.

### PRAYER

WHEREFORE, Plaintiff prays that this cause be set for trial before a jury, that they recover judgment of and from the Defendant, for the actual damages in such

amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, costs of court, and such other and further relief to which he may show himself to be justly entitled.

    Respectfully Submitted,

    **GOWAN ELIZONDO, LLP**
    555 N. Carancahua, Ste 1400
    Corpus Christi, Texas 78401
    (361) 651-1000
    (361) 651-1001 Facsimile

    /s/Gregory L. Gowan
    Gregory L. Gowan
    Federal Bar: 19991
    ggowan@gelawfirm.com

    **ATTORNEY IN CHARGE FOR PLAINTIFF WILLIAM EVANS**

**PARTNER**
**GOWAN ELIZONDO LLP**

    And

    Jose E. Barrera
    Bar No. 24040476
    josebarrera@gmail.com
    **Jose E Barrera, P.C. federal**
    1231 Agnes, Suite a-12
    Corpus Christi, Texas 78401